**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELE MATTEI, | : | CIVIL ACTION NO. 08-1840 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| PLUMSTED TOWNSHIP, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

Plaintiff brought this action pursuant to 42 U.S.C. §§ ("Sections") 1983, 1988 against defendants, Plumsted Township and Plumsted Township Police Department (collectively, "Plumsted Township"), seeking to recover damages for, inter alia, alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution.  (Dkt. entry no. 1, Compl.)  Plumsted Township moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure ("Rule") 56.  (Dkt. entry no. 12, Mot. for Summ. J.)  Plaintiff opposes the motion.  (Dkt. entry no. 14, Pl. Opp'n Br.)  The Court determines the motion on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) grant the motion insofar as it concerns federal law, (2) enter judgment in Plumsted Township's favor as to the federal law claims, and (3) dismiss any state law claims without prejudice.

**BACKGROUND**

Plaintiff's daughter, Hannah Mattei, told a school counselor that she did not feel safe in her house because her sister, Julie Mattei, had a loaded gun in the house. (Dkt. entry no. 12, Plumsted Township Br. at 1; see Pl. Opp'n Br. at 2.)  The school counselor contacted Plumsted Township Patrolman Eric Meroney ("Patrolman Meroney") and informed him of the situation. (Plumsted Township Br. at 1.)  Patrolman Meroney then contacted Patrolman Suzanne DesMarais ("Patrolman DesMarais") and requested that she go to plaintiff's home to conduct a well-being check on Julie Mattei. (Id.)  Patrolman DesMarais went to plaintiff's home, and, when no one answered the door, entered and searched plaintiff's home. (Id.; Pl. Opp'n Br. at 2.)  Patrolman DesMarais did not find Julie Mattei or a gun in the house. (Plumsted Township Br. at 1; Pl. Opp'n Br. at 2.)  Patrolman DesMarais did not have a warrant for the search, and no one was in the house when Patrolman DesMarais conducted the search. (Pl. Opp'n Br. at 2-3; see Plumsted Township Br. at 5-6.)[1]  Plaintiff did not sustain personal injury as a result of the search, nor was there any property damage caused by the search. (Plumsted Township Br. at 2; see also Pl.'s Dep. 18:6-25, 20:1-4.) Plaintiff's claims are based on this allegedly illegal search by

---

[1] Plaintiff's tenant was present in the separate basement apartment at the time of the search. (Plumsted Township Br., Ex. C, Pl.'s Dep. 23:19-25:3, Mar. 11, 2009.)

Patrolman DesMarais.  (See Compl.)  Plumsted Township now moves for summary judgment in its favor.  (See Mot. for Summ. J.)  Plaintiff opposes the motion.  (See Pl. Opp'n Br.)

## DISCUSSION

### I. Applicable Legal Standards

#### A. Motion for Summary Judgment Standard

Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The summary judgment movant bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must set out specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the

3

matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

    **B.**    **Section 1983 Standard**

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege, (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Municipal entities are "persons" within the meaning of Section 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 & n.55 (1978). Municipal entities, however, cannot be held liable for the acts of their employees under a theory of respondeat superior or vicarious liability. Id. at 691; see Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000). Municipal liability can be premised upon a failure to train. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). The scope of liability for failure to train, however, is narrow, and not all failures in training will support liability under Section 1983. Woloszyn v. County of Lawrence, 396 F.3d 314, 325 (3d Cir. 2005); Grazier v. City of Phila., 328 F.3d 120, 125 (3d Cir. 2003).

Municipal entities are liable for failure to train only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388; see also Woloszyn, 396 F.3d at

5

324.  Liability for failure to train attaches to municipal entities only where policymakers choose a deliberate course of action from among various alternatives.  City of Canton, 489 U.S. at 389.  A showing of deliberate indifference generally requires proof of a pattern of underlying constitutional violations.  Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004); Berg, 219 F.3d at 276.  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy-maker."  City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion); see Berg, 219 F.3d at 276.  Where the policy is not itself unconstitutional, more evidence than a single incident is required to establish the municipal entity's fault and the causal connection between the policy and the constitutional violation.  City of Okla. City, 471 U.S. at 824; see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 407 (1997) (explaining municipality's continued adherence to policy that is known, or should be known, to be inadequate at preventing constitutional violations by municipal employees may establish requisite deliberate indifference required for failure to train liability).

Section 1983 plaintiffs must, in addition to the deliberate indifference showing, demonstrate that the inadequate training caused the constitutional violation.  <u>Carswell</u>, 381 F.3d at 244. "There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  <u>Id.</u> (internal quotation omitted); <u>see</u> <u>Brown v. Commonwealth of Pa. Dep't of Health Emergency Med. Servs. Training Inst.</u>, 318 F.3d 473, 482 (3d Cir. 2003).  That is, the inadequate training must be the "moving force" behind the constitutional violation. <u>Grazier</u>, 328 F.3d at 125.

**II.  Legal Standards Applied Here**

Plumsted Township argues that plaintiff has not presented any evidence that Plumsted Township had a policy or custom of allowing police officers to enter private homes without a warrant.  (Plumsted Township Br. at 9.)  Plumsted Township also argues that plaintiff has not shown that Plumsted Township was deliberately indifferent based on the allegedly inadequate training of police officers.  (<u>Id.</u> at 10.)  Further, Plumsted Township asserts that a single incident is not sufficient to demonstrate municipal liability for failure to train.  (<u>Id.</u>; dkt. entry no. 18, Plumsted Township Reply Br. at 5.)

Plaintiff argues that Plumsted Township is liable under Section 1983 for failing to train its police officers with regard to obtaining search warrants.  (Pl. Opp'n Br. at 10-11.)

7

Plaintiff asserts that Patrolman DesMarais's deposition testimony that she did not receive any specific training on obtaining search warrants, or on warrants in general, evidences Plumsted Township's policy or custom of not training its police officers. (Id.)  Plaintiff argues that this failure to train police officers rises to the level of deliberate indifference.  (Id. at 11.)

The Court finds that plaintiff has not raised a genuine issue of material fact relating to Plumsted Township's alleged liability under Section 1983 for failure to train, and Plumsted Township is entitled to judgment as a matter of law on this claim.[2]  The only evidence plaintiff has adduced regarding Plumsted Township's failure to train is Patrolman DesMarais's deposition testimony that she did not receive training from Plumsted Township about warrants and warrantless searches.  (See Pl. Opp'n Br., Ex. G, DesMarais Dep. 6:16-7:1, 8:9-9:5, Apr. 1, 2009.)  Plaintiff has not shown that the training Patrolman DesMarais received was consistent with Plumsted Township's policy

---

[2] The Court, for the purpose of deciding Plumsted Township's failure to train liability under Section 1983, will assume without deciding that Patrolman DesMarais's warrantless entry into plaintiff's home violated the Fourth Amendment.  The Court notes that a genuine issue of material fact remains as to whether Patrolman DesMarais's warrantless entry into plaintiff's home was unconstitutional.  (See Plumsted Township Br. at 5-6 (arguing that Patrolman DesMarais did not need warrant to enter plaintiff's home because exigent circumstances existed).)

of training police officers, nor what, specifically, Plumsted Township's policy of training police officers entails.  See Olender v. Twp. of Bensalem, 32 F.Supp.2d 775, 783 (E.D. Pa.) (emphasizing that plaintiff produced no evidence concerning nature and quality of township's police training program and granting summary judgment in favor of township), aff'd sub nom. Olender v. Rubenstein, 202 F.3d 254 (3d Cir. 1999).  Even if Patrolman DesMarais's training was deficient, that alone is insufficient to attach liability to Plumsted Township for failure to train.  See City of Canton, 489 U.S. at 390 ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city.").

The Court finds that plaintiff has also failed to show deliberate indifference on the part of Plumsted Township. Plaintiff has identified a single incident in which a Plumsted Township police officer illegally entered and searched a private residence.  (See Pl. Opp'n Br.)  Plaintiff has not shown that the allegedly inadequate training has produced a pattern of this type of constitutional violations.  See Berg, 219 F.3d at 276 (emphasizing that showing of deliberate indifference generally requires that failure to train has caused pattern of constitutional violations); see also Carswell, 381 F.3d at 244. Nor has plaintiff met the heavy burden of showing that a single constitutional violation of this type, alone, demonstrates

9

deliberate indifference on the part of Plumsted Township.  See Carswell, 381 F.3d at 244 (noting that proving deliberate indifference without pattern of constitutional violation is difficult task); Berg, 219 F.3d at 276 (acknowledging that plaintiff has high burden to maintain failure to train claim absent pattern of constitutional violations).  Thus, the single instance of Patrolman DesMarais's violation of plaintiff's constitutional rights is insufficient to show deliberate indifference on the part of Plumsted Township.  See City of Okla. City, 471 U.S. at 823 (plurality opinion); see also Brown v. City of Camden, No. 03-1303, 2006 WL 2177320, at *8-*9 (D.N.J. July 27, 2006) (emphasizing that Section 1983 liability for failure to train cannot be imposed on municipality based on single instance of police misconduct by non-policy making employee and granting summary judgment in favor of city); Pahle v. Colebrookdale Twp., 227 F.Supp.2d 361, 368-69 (E.D. Pa. 2002) (granting summary judgment in township's favor where plaintiff's only evidence consisted of a single instance of police officer violating individual's constitutional rights).  Absent a showing of deliberate indifference, Plumsted Township cannot be liable for failure to train under Section 1983.  See City of Canton, 489 U.S. at 388 (requiring showing of deliberate indifference to impose liability on municipality for failure to train); Carswell, 381 F.3d at 244 (same).

The Court also finds that plaintiff has not demonstrated the required causal connection between the failure to train and the constitutional violation. Plaintiff has not proffered any evidence showing that this particular failure to train caused Patrolman DesMarais to illegally enter and search plaintiff's home. See City of Okla. City, 471 U.S. at 823 (requiring "affirmative link" between municipal entity's policy and constitutional violation). The Court thus concludes that plaintiff has not raised a genuine issue of material fact regarding Plumsted Township's liability for failure to train, and Plumsted Township is entitled to judgment as a matter of law as to the federal law claims.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the motion insofar as it concerns federal law, (2) enter judgment in Plumsted Township's favor as to the federal law claims, and (3) dismiss any state law claims without prejudice. See 28 U.S.C. § 1367. The Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated: August 5, 2009